CUTCHER v. CITY OF DETROIT.

1. HIGHWAYS AND STREETS — OBSTRUCTIONS — RAILWAY TRACKS — PERSONAL INJURIES.
    For a city to leave unused railway tracks in a street, lightly covered so as to be invisible, but a dangerous obstruction in wet weather, is negligence as a matter of law.

2. SAME—NOTICE OF DEFECT.
    Where railroad side tracks were left in a street 2½ years after being disconnected from the main track, and were a dangerous obstruction, the city must be presumed to have had notice of the defect.

Error to Wayne; Hosmer, J.   Submitted February 8, 1905.   (Docket No. 104.)   Decided February 27, 1905.

Case by Joseph D. Cutcher against the city of Detroit for personal injuries.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

The city of Detroit by virtue of its charter lawfully permitted the Detroit Transit Railway Company to run its track along Guoin street, and to run a side track or switch from the main line, near the center of the street, onto the premises of a manufacturing company. The street was not paved. In course of time the manufacturing company made changes which rendered this side track unnecessary. The frogs were taken up, and the rails permitted to remain in the street. They were about level with the surface of the street. Cinders had been thrown upon the street, on and around the rails. In wet weather the wheels, under heavy loads, would sink into the ground. This state of affairs existed for $2\frac{1}{2}$ years. Plaintiff had never driven over this particular spot before. As he approached the rails he stood up upon his wagon in order that he might the better see where to drive. One of the wheels struck a rail, and slued around with such suddenness and force as to throw him from his wagon, and he was injured. The question of defendant's negligence was left to the jury, who rendered a verdict for the plaintiff.

*Henderson & Martindale* (*Edwin Henderson*, of counsel), for appellee.

*P. J. M. Hally* (*Timothy E. Tarsney*, of counsel), for appellant.

GRANT, J. (*after stating the facts*). The sole question raised by the defense is that the court erred in not directing a verdict for the defendant for the reason that no negligence was shown. The learned counsel for defendant cite no cases in support of their contention. Perhaps no parallel case can be found.

Evidently such a hidden obstruction, considering the character of the soil, is dangerous in wet weather. The rails should have been taken up when the side track was discontinued. If the side track had been in use, any one could see that it was connected with the main track, and

would naturally take steps to cross it as near as possible at right angles. We think such an act was negligence, as a matter of law, and that the condition had existed so long that the city, as a matter of law, must be presumed to have had notice of it.

Judgment affirmed.

MOORE, C. J., and CARPENTER, MCALVAY, and BLAIR, JJ., concurred.